UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK JAMES WARNER,                              Case No. 11-10444

             Plaintiff,                          Robert H. Cleland
v.                                               United States District Judge

COMMISSIONER OF SOCIAL SECURITY,                 Michael Hluchaniuk
                                                 United States Magistrate Judge

             Defendant.
_____/

## REPORT AND RECOMMENDATION
## CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 9, 14)

**I.    PROCEDURAL HISTORY**

    A.    <u>Proceedings in this Court</u>

On February 3, 2011, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits.  (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Robert H. Cleland referred this matter to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for a period of disability, disability insurance, and supplemental security income benefits.  (Dkt. 3).  This matter is before the Court on cross-motions for summary judgment.  (Dkt. 9, 14).

B.     Administrative Proceedings

Plaintiff filed the instant claims on September 7, 2007, alleging that he became unable to work on September 1, 2004. (Dkt. 7-5, Pg ID 164). The claim was initially disapproved by the Commissioner on February 21, 2008. (Dkt. 7-4, Pg ID 85-89). Plaintiff requested a hearing and on May 3, 2010, plaintiff appeared with counsel before Administrative Law Judge (ALJ) Sherry Thompson, who considered the case *de novo*. In a decision dated June 3, 2010, the ALJ found that plaintiff was not disabled. (Dkt. 7-2, Pg ID 38-51). Plaintiff requested a review of this decision on August 2, 2010. (Dkt. 7-2, Pg ID 29). The ALJ's decision became the final decision of the Commissioner when, after the review of additional exhibits[1] (Dkt. 7-2, Pg ID 24-25), the Appeals Council, on January 10, 2011, denied plaintiff's request for review. (Dkt. 7-2, Pg ID 21-23).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for

---

[1] In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review. *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ. In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

summary judgment be **GRANTED**, and that the findings of the Commissioner be

**AFFIRMED**.

## II.     FACTUAL BACKGROUND

A.     ALJ Findings

Plaintiff was 46 years old at the time of the most recent administrative

hearing.  (Dkt. 7-2, Pg ID 60).  Plaintiff's relevant work history included

approximately 18 years as a central office equipment installer.  (Dkt. 7-6, Pg ID

201).  In denying plaintiff's claims, defendant Commissioner considered

hardening of the arteries in both legs as possible bases of disability.  (Dkt. 7-6, Pg

ID 200).

The ALJ applied the five-step disability analysis to plaintiff's claim and

found at step one that plaintiff had not engaged in substantial gainful activity since

September 1, 2004.  (Dkt. 7-2, Pg ID 43).  At step two, the ALJ found that

plaintiff's peripheral artery disease, bilateral claudication and obesity were

"severe" within the meaning of the second sequential step.  *Id*.  At step three, the

ALJ found no evidence that plaintiff's combination of impairments met or equaled

one of the listings in the regulations.  (Dkt. 7-2, Pg ID 44).  At step four, the ALJ

found that plaintiff could not perform his previous work as a central office

equipment installer.  (Dkt. 7-2, Pg ID 50).  At step five, the ALJ denied plaintiff

benefits because plaintiff could perform a significant number of jobs available in

the national economy.  *Id.*

B.    Plaintiff's Claims of Error

Plaintiff claims that the ALJ erred when she failed to find that plaintiff's claudication symptoms equaled the criteria of Listing 4.12.  Plaintiff asserts that the ALJ should have enlisted the assistance of a medical expert to make an equivalency determination.  Plaintiff also contends that the substantial evidence of record shows that he could not have performed sustained work activities and that the ALJ should have ordered a functional capacity evaluation to demonstrate his endurance to work on an eight hour per day/five day per week basis.  Lastly, plaintiff argues that the ALJ failed to appropriately consider the impact of plaintiff's pain on his ability to work in the context of credibility.

C.    Commissioner's Motion for Summary Judgment

The Commissioner first points out that plaintiff does not appear to contend that he satisfies the criteria set forth in Listing 4.12.  According to the Commissioner, while plaintiff asserts that his peripheral artery disease medically equaled the severity requirement of the list, the ALJ considered and rejected equivalency, given the medical evidence she discussed outside the criteria set forth in the Listing.  For example, citing Dr. Abel's consultative examination report, the ALJ noted that plaintiff was diagnosed with only mild to moderate arterial disease and was generally asymptomatic.  (Tr. 24, 337).  She further noted that plaintiff's

4

claudication was intermittent.  *Id*.  She also noted that plaintiff did not require an assistive device to ambulate  (Tr. 24 citing Tr. 335), and she cited Dr. Holmes's RFC assessment, in which he concluded that plaintiff retained the ability to perform a range of light work.  (Tr. 24 citing Tr. 342-57).

The Commissioner urges the Court to reject plaintiff's claim that the ALJ gave too little consideration to his treating physicians' opinions and findings. Id. The Commissioner asserts that the ALJ directly answered this charge by noting that none of plaintiff's treating doctors ever opined plaintiff was disabled: "The doctors certainly made diagnoses and had plans enumerated for the claimant's care, but they did not opine that the claimant had functional limitations that would prevent him from working."  (Tr. 28).  In fact, they did not even place any restriction on the kind or conditions of work that plaintiff could do.

Plaintiff next claims that the ALJ should have obtained an updated medical opinion from a medical expert.  In support of this assertion, he notes that Dr. Holmes "did not specifically opine that claimant did not equal Listing 4.12."  *Id*. at 10.  According to the Commissioner, the determination whether additional evidence is necessary is within the ALJ's discretion.  *Ferguson v. Comm'r of Social Security*, 628 F.3d. 269, 275 (6th Cir. 2010).  And, if the record is sufficiently complete as to allow the ALJ to make a disability determination, she has no duty to order supplemental medical evidence.  *Landsaw v. Sec'y of Health*

& *Human Servs.*, 803 F.2d 211, 214 (6th Cir. 1986) ("The regulations do not require an ALJ to refer a claimant to a consultative specialist, but simply grant him the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination."). According to the Commissioner, the ALJ had a sufficient record on which to make her determination and the mere fact that Dr. Holmes did not make an explicit Listing 4.12 finding does not inject any ambiguity into the record. The ALJ correctly noted that Dr. Holmes's assessment supported her step-three determination because Dr. Holmes found plaintiff capable of performing a range of light work. (Tr. 24). The Commissioner asserts that it was reasonable for the ALJ to infer that Dr. Holmes did not believe plaintiff met or equaled Listing 4.12, for such a finding would have precluded his ultimate conclusion that plaintiff retained the ability to perform light work. Similarly, the Commissioner urges the Court to reject plaintiff's contention that the ALJ should have referred plaintiff for an FCE because his treating physicians failed to do so. The Commissioner points out that the ALJ had no obligation to do so unless the record evidence was sufficiently ambiguous to prevent her from issuing a decision. As the Commissioner explained, there was ample evidence from which the ALJ could make a decision.

Plaintiff next asserts that the ALJ failed to consider all his impairments of "considerable emphysema symptoms" and obesity in combination when

determining medical equivalency.  The Commissioner contends that the record

does not document "considerable emphysema symptoms."  Rather, as noted by the

ALJ, plaintiff's March 2010 chest x-ray was normal.  (Tr. 26, 371).  Similarly, a

prior X-ray taken four years earlier revealed mild cardiomegaly, but was negative

for acute infiltrate and pneumothorax.  The Commissioner also points out that the

overwhelming majority of the medical record documents treatment of plaintiff's

peripheral artery disease and no other condition or impairment.  As for plaintiff's

obesity, the ALJ clearly considered it when, at step two she listed it among

plaintiff's severe impairments.  (Tr. 23).  She also explicitly considered it when

she determined plaintiff's impairments did not meet or medically equal a Listing,

for she found, in accordance with Social Security Ruling 02-1p, that Plaintiff's

obesity did not affect his ability to perform routine movements and physical

activity within a work environment.  (Tr. 24).  According to the Commissioner,

plaintiff points to nothing in the ALJ's decision that suggests the ALJ did not

properly consider the impact of plaintiff's obesity as part of her determination that

obesity did not interfere with plaintiff's ability to ambulate effectively.  (Tr. 24).

Further the Commissioner asserts that the Sixth Circuit has made clear that no

special obesity analysis is required; courts will find that an ALJ considered obesity

so long as the ALJ's decision mentions it.

　　　The Commissioner asserts that substantial evidence supports the ALJ's

credibility determination as well.  The Commissioner contends that, contrary to plaintiff's argument, the ALJ properly relied on a physician's assessment of plaintiff's ability to walk and that the ALJ's inability to make observations about plaintiff's walking ability during the video hearing is not supported by any authority that the ALJ was required to do so.  The ALJ cited Dr. Abel's findings to support her finding that plaintiff exaggerated the limiting effects of his impairments.  (Tr. 28).  Dr. Abel, an examining physician, noted that plaintiff walked with a normal gait and did not require an assistive device.  (Tr. 335).  According to the Commissioner, plaintiff offers no reason to discount, let alone reject, Dr. Abel's findings.

The Commissioner also points out that plaintiff erroneously asserts that the ALJ based her findings on the mistaken premise that plaintiff was able to perform his past work when he was laid off; the ALJ plainly recognized that plaintiff could not perform his past work at step 4 of the analysis when she noted that "[t]he claimant's past work activities exceeds the claimant's residual functional capacity."  (Tr. 29).

The Commissioner also points out that the ALJ offered several reasons for discounting plaintiff's testimony, most of which Plaintiff does not address. For example, the ALJ noted that the success of much of plaintiff's treatment belied his claims of disabling symptoms.  (Tr. 27-28).  She noted among other things that the

bypass surgery produced "good results." (Tr. 27). She also cited Dr. Abel's diagnosis of only mild to moderate peripheral artery disease. (Tr. 28). Further citing Dr. Abel's findings that Plaintiff could ambulate without an assistive device, had a normal gait, and could rise easily from a chair and bend to remove his shoes, the ALJ noted that these findings suggested plaintiff exaggerated his symptoms. *Id*. The ALJ also considered plaintiff's lack of compliance with prescribed medical treatment. (Tr. 27). She noted, for example, that he repeatedly ignored his doctors' frequent instructions to quit smoking, as well as his taking unprescribed medication from a friend. *Id*. Indeed, as early as 2004, treatment notes indicated that plaintiff had "marginal medical compliance" in that he failed to return for follow up appointments. (Tr. 360). His doctor asked plaintiff to "assume some responsibility for wellness." *Id*. According to the Commissioner, this too is a proper basis on which to discount a claimant's credibility. "[T]he individual's statements may be less credible if . . . the medical reports or records show that the individual is not following the treatment as prescribed and there is no good reason for this failure." SSR 96-7p, 1996 WL 374186, at *7. The ALJ also noted that despite plaintiff's allegations of cramping and pain, but for a short period after his bypass surgery, plaintiff did not take any pain medication. (Tr. 27). The Commissioner argues that it was reasonable for the ALJ to discount plaintiff's testimony regarding the intensity and limiting effects of that pain given

his decision not to treat it.  Finally, the ALJ noted that plaintiff's daily activities suggested plaintiff's symptoms did not limit him to the extent alleged, noting that plaintiff did household chores and even attempted yard work.  Thus, the Commissioner asserts that substantial evidence supports the ALJ's credibility determination.

## III.   DISCUSSION

###    A.    Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious.  *Sullivan v. Zebley*, 493 U.S. 521 (1990).  The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council.  *Bowen v. Yuckert*, 482 U.S. 137 (1987).  If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g).  Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal

standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).  In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).  "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant."  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence.").  "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'"  *Rogers*, 486 F.3d at 247, quoting, Soc. Sec.

Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive.  42 U.S.C. § 405(g).  Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475.  "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only.  *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).  When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight.  *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).  "Both the court of appeals and the district court may look to any evidence in the record, regardless of

whether it has been cited by the Appeals Council."  *Heston v. Comm'r of Soc.*

*Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).  There is no requirement, however, that

either the ALJ or the reviewing court must discuss every piece of evidence in the

administrative record.  *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed.Appx. 496, 508

(6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly

addressing in his written decision every piece of evidence submitted by a party.")

(internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*,

198 Fed.Appx. 521, 526 (6th Cir. 2006).

  B. <u>Governing Law</u>

  The "[c]laimant bears the burden of proving his entitlement to benefits."

*Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994);

*accord, Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed.Appx. 515, 524 (6th Cir. 2003).

There are several benefits programs under the Act, including the Disability

Insurance Benefits Program (DIB) of Title II (42 U.S.C. §§ 401 *et seq*.) and the

Supplemental Security Income Program (SSI) of Title XVI (42 U.S.C. §§ 1381 *et*

*seq*.).  Title II benefits are available to qualifying wage earners who become

disabled prior to the expiration of their insured status; Title XVI benefits are

available to poverty stricken adults and children who become disabled.  F. Bloch,

Federal Disability Law and Practice § 1.1 (1984).  While the two programs have

different eligibility requirements, "DIB and SSI are available only for those who

have a 'disability.'"  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

"Disability" means:

> inability to engage in any substantial gainful activity by
> reason of any medically determinable physical or mental
> impairment which can be expected to result in death or
> which has lasted or can be expected to last for a
> continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also*, 20 C.F.R.

§ 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined

through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in
> substantial gainful activity, benefits are denied without
> further analysis.
>
> Step Two:  If the claimant does not have a severe
> impairment or combination of impairments, that
> "significantly limits ... physical or mental ability to do
> basic work activities," benefits are denied without
> further analysis.
>
> Step Three:  If plaintiff is not performing substantial
> gainful activity, has a severe impairment that is expected
> to last for at least twelve months, and the severe
> impairment meets or equals one of the impairments listed
> in the regulations, the claimant is conclusively presumed
> to be disabled regardless of age, education or work
> experience.
>
> Step Four:  If the claimant is able to perform his or her
> past relevant work, benefits are denied without further
> analysis.

> Step Five: Even if the claimant is unable to perform his
> or her past relevant work, if other work exists in the
> national economy that plaintiff can perform, in view of
> his or her age, education, and work experience, benefits
> are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534.  "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates."  *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work."  *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540.  If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner.  *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors."  *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion.

*McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545.  In other words, where

substantial evidence supports the ALJ's decision, it must be upheld.

    C.    <u>Analysis and Conclusion</u>

Plaintiff asserts that the ALJ failed to find that his impairment was

equivalent to the Listing and failed to obtain additional expert medical

consultation to evaluate equivalency.  The undersigned finds these arguments to

be without merit.  An impairment will be deemed medically equivalent to a listed

impairment if there are medically acceptable clinical and laboratory results shown

in the medical evidence that are at least equal in severity and duration to the listed

impairment.  *Land v. Sec'y of Health & Human Servs.*, 814 F.2d 241, 245 (6th Cir.

1986); 20 C.F.R. § 401.1526(a), (b), (e).  It is the claimant's responsibility to bring

evidence of a claimed equivalency to the attention of the ALJ.  *Stevens v. Apfel*,

1998 WL 708728, at *2 (1998).  In this case, the ALJ concluded that "[n]o treating

or examining physician has identified findings equivalent in severity to the criteria

of any listed impairment, nor does the evidence show medical findings that are the

same or equivalent to those of any listed impairment."  (Dkt. 7-2, Pg ID 44).  The

Sixth Circuit has held that a heightened articulation standard is not required of an

ALJ at Step 3 of the sequential evaluation process.  *See Bledsoe v. Barnhart*, 2006

WL 229795, at 411 (6th Cir. 2006), citing *Dorton v. Heckler*, 789 F.2d 363, 367

(6th Cir. 1986).  "Generally, the opinion of a medical expert is required before a

determination of medical equivalence is made." *Retka v. Comm'r of Soc. Sec.*, 1995 WL 697215, at *2 (6th Cir. 1995), citing 20 C.F.R. § 416.926(b).

SSR 96-6p states that when an ALJ determines that equivalency is not established, the requirement to receive expert opinion evidence into the record may be satisfied by a Disability Determination and Transmittal form or other document that reflects the findings of the consultant and is signed by the consultant. *Id*. at *3; *see also Sheets v. Bowen*, 1989 WL 47444 (6th Cir. 1989) (Signatures of agency staff physicians, who reviewed the plaintiff's medical records, on the disability determination and transmittal forms implicitly indicate that the plaintiff did not meet or equal the listing.).  As explained in detail by another district court, the requirement in SSR 96-6p that the ALJ must obtain an updated medical judgment from a medical expert is not a mandate, but is predicated on the ALJ's discounting the medical findings of the state agency medical consultants with the intent of concluding that the plaintiff equals a listed impairment based on the symptoms, signs and laboratory findings in the record. *Lyke v. Astrue*, 2011 WL 2601435, *15 (M.D. Tenn. 2011).  After reviewing several Sixth Circuit cases on this issue, which seemingly contained some inconsistencies, the *Lyke* court summarized the Sixth Circuit's position as follows:

> [The] Sixth Circuit's position seems to be that testimony
> from a medical expert for an equivalency determination
> is required if (1) the ALJ or Appeals Council, after

> reviewing the evidence of symptoms, signs, and findings,
> is inclined to conclude that the plaintiff's condition may
> be equivalent to the Listings or (2) the ALJ or Appeals
> Council, after reviewing additional medical evidence,
> determines that the new evidence may change the State
> agency medical or psychological consultant's finding
> that the plaintiff's impairment(s) do not equal a Listing.

*Id*. at *15. Neither circumstances appears to be present in this case, and thus, there

does not appear to be any support for plaintiff's position that the ALJ was required

to obtain the advice of an additional medical expert.

Likewise, plaintiff offers no authority for the proposition that the ALJ was

required to order a functional capacity evaluation. While the ALJ has a duty to

develop the facts and investigate arguments both for and against granting benefits,

the ALJ does not have an obligation to prepare plaintiff's case for him. Plaintiff

has not articulated any reason that plaintiff's treating physicians could not or did

not obtain an FCE, nor has plaintiff pointed to any glaring evidence in the record

that would have suggested to the ALJ that an FCE was necessary in order to

evaluate plaintiff's functional capacity. Under these circumstances, the

undersigned finds no basis to disturb the decision of the ALJ.

Plaintiff argues that the ALJ inappropriately "focused" on the examining

consultant's observation that plaintiff could walk to support the credibility

analysis. In turn, plaintiff argues that the ALJ failed to properly account for his

pain complaints, essentially discounting them because of the finding that plaintiff

was able to walk.  Plaintiff also says that the ALJ's credibility determination should be discredited because the ALJ was not able to observe plaintiff walking at the video hearing because of equipment limitations.  Plaintiff also argues that the ALJ failed to give him enough credit for his good work history and did not address his need to lie down to manage his pain or the side effects of his pain medication.

Plaintiff testified at the hearing that he did not have any side effects from his medications, thus, the undersigned is puzzled as to why plaintiff thinks the ALJ erred in not accounting for them.  (Dkt. 7-2, Pg ID 63).  Moreover, it does not appear that plaintiff was taking pain medication, except for a short time after his surgery.  Thus, the undersigned concludes it was entirely appropriate for the ALJ to rely on the conservative nature of treatment of plaintiff's pain complaints in assessing the extent of impairment and his credibility.  *See e.g.*, *Struchen v. Astrue*, 2010 WL 3259895, *4 (N.D. Ohio 2010); *Patrick v. Astrue*, 2010 WL 235032, *6 (E.D. Ky. 2010); *Ealy v. SSA*, 172 Fed.Appx. 88 (6th Cir. 2006) (*per curiam*) (upholding ALJ's determination that claimant's "claimed limitations 'were not fully credible' because they were 'inconsistent with ... the lack of more aggressive treatment ... and the claimant's ordinary activities.' ").  As the Commissioner points out, plaintiff does not take any medication for his pain complaints and thus, it was entirely reasonable for the ALJ to conclude that plaintiff's pain was not as debilitating or limiting as claimed.  *See e.g.*, *Gier v.*

*Comm'r*, 2009 WL 838131, *10 (E.D. Mich. 2009) (Credibility finding of ALJ supported in part by lack of prescription pain medication); *Ward v. Astrue*, 2009 WL 223868, *6 (E.D. Ky. 2008) (Credibility finding of ALJ supported in part by use of only mild pain medications). Plaintiff testified that, after climbing stairs, he would need to lie down and rest, (Dkt. 72-2, Pg ID 63), but there is no indication that he used this as a pain management tool, nor is there any suggestion from his treating physicians that he needed to lie down with such regularity that it would impact his ability to work on a full-time basis. *See Maher v. Sec'y of Health and Human Serv.*, 898 F.2d 1106, 1109 (6th Cir.1987), citing *Nunn v. Bowen*, 828 F.2d 1140, 1145 (6th Cir. 1987) ("lack of physical restrictions constitutes substantial evidence for a finding of non-disability."). Plaintiff also cites no authority that it was improper for the ALJ to rely on the medical evidence regarding plaintiff's ability to walk, rather than personal observation. Given the deference due to an ALJ's credibility determination, the undersigned finds no basis identified by plaintiff to disturb those findings.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 7, 2012              s/Michael Hluchaniuk
                                    Michael Hluchaniuk
                                    United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on February 7, 2012 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Charles A. Robison, Kenneth L. Shaitelman, AUSA, and the Commissioner of Social Security.

                                    s/Darlene Chubb
                                    Judicial Assistant
                                    (810) 341-7850
                                    darlene_chubb@mied.uscourts.gov

Report and Recommendation
Cross-Motions for Summary Judgment
*Warner v. Comm'r*; Case No. 11-10444