UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK JAMES WARNER,

    Plaintiff,

v.    Case No. 11-10444

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
                                        /

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS,
ADOPTING THE MAGISTRATE JUDGE'S RECOMMENDATION, GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

On February 7, 2012, Magistrate Judge Michael Hluchaniuk issued a report and recommendation ("R&R") in the above-captioned matter, recommending that the court grant Defendant Commissioner of Social Security's motion for summary judgment and deny Plaintiff Frank Warner's motion for summary judgment. On February 17, 2012, Plaintiff timely filed objections to the R&R, and Defendant filed its response on March 2, 2012. For the reasons stated below, the court will overrule Plaintiff's objections, adopt the report and recommendation, grant Defendant's motion and deny Plaintiff's motion.

**I. STANDARD**

**A. Substantial Evidence Standard**

Pursuant to 42 U.S.C. § 405(g), the Commissioner's findings of fact are conclusive if supported by substantial evidence. When the Appeals Council declines review, "the decision of the ALJ becomes the final decision of the [Commissioner]." *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (per

curiam). "The decision of an ALJ is reviewed to determine whether it is supported by substantial evidence and consistent with applicable law." *Pittsburgh & Conneaut Dock Co., v. Dir., Office of Workers' Comp. Programs*, 473 F.3d 253, 258 (6th Cir. 2007). This judicial review is limited to the record and evidence that was before the ALJ. *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996) (citing *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993)).

The court's review of the record for substantial evidence is quite deferential to the ALJ's evaluation of the facts. The court must uphold the ALJ's finding if supported by substantial evidence. "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Pittsburgh & Conneaut Dock Co.*, 473 F.3d at 259 (citation omitted), "even if that evidence could support a decision the other way," *Casey*, 987 F.2d at 1233. Moreover, the court bases its review on the entire record, not just what the ALJ cited. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001) ("Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council.").

### B. Timely Objections and *De Novo* Review

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review, in turn, requires this court to re-examine all the relevant evidence

previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part.  28 U.S.C. § 636(b)(1).  The court may "receive further evidence" if desired.  *Id.*

A party who files timely objections to a magistrate judge's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately."  *Walters*, 638 F.2d at 949-50.  The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), noting that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *Id.* at 147 (footnote omitted).

Furthermore, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review;  making some objections but failing to raise others will not preserve all the objections a party may have."  *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

## II. DISCUSSION

Plaintiff raises three principal objections to the report and recommendation.  First, Plaintiff claims that the ALJ and magistrate judge erred when they failed to conclude that Plaintiff's impairments equaled the criteria of Listing 4.12.  Next, Plaintiff maintains that the "medical record of evidence" does not support the magistrate judge's and ALJ's finding that Plaintiff can perform limited work activities.  Finally, Plaintiff argues that the magistrate judge erred in concluding that the ALJ's credibility findings after a video

hearing were supported by substantial evidence.

As to the first objection, Plaintiff's contention that the magistrate judge "did not address the entire issue" of whether his medical impairment was equivalent to the Listing 4.12 criteria, (Pl.'s Objs. at 2, Feb. 17, 2012, Dkt. # 19), is without merit and belied by the record. The magistrate judge spent a substantial portion of the R&R reviewing the ALJ's rejection of Plaintiff's equivalency argument, examining the evidence the ALJ relied upon and concluding that given the circumstances of this case, Social Security Ruling 96-6p did not require the ALJ to receive updated medical judgment from a medical expert. (R&R at 16-18, Feb. 7, 2012, Dkt. # 18.) Additionally, Plaintiff's claim that the ALJ erred in rejecting Plaintiff's equivalency argument also fails. Plaintiff appears to suggest that the ALJ should have given dispositive weight to the results of two ultrasounds performed in the spring of 2010 which showed ankle brachial indices of .50-.80 and concluded that Plaintiff was suffering from "[m]ild to moderate right-sided disease" and "moderate to significant left-sided disease." (Pl.'s Objs. at 2.) As Defendant points out in his motion for summary judgment, a plaintiff seeking to establish a disability based on peripheral arterial disease, as the Plaintiff attempts to do in this case, must show a "[r]esting ankle/brachial systolic blood pressure ratio of less than 0.50." *See* 20 C.F.R. Part 404, Subpart P, Appendix 1 § 4.12A. Here, the ultrasound results cited by Plaintiff conclusively demonstrate that Plaintiff did not meet the criteria of Listing 4.12. To the extent that Plaintiff believes these ultrasound results support a finding of equivalency, he fails to explain how the results, which clearly show that he did not meet the Listing 4.12 criteria, support an equivalency determination. Further, the ALJ's determination that Plaintiff did not meet or equal Listing 4.12's criteria

is supported by substantial evidence, including: (1) a finding that Plaintiff did not need an "assistive device to ambulate"; and (2) "the state agency medical consultant's finding that [Plaintiff] was capable of performing light work." (ALJ's Decision, A.R. at 24 (citations omitted).) The ALJ accorded the state's medical consultant's findings considerable weight because they relied on "medical evidence and diagnostic testing to make his findings." (*Id.*) Accordingly, Plaintiff has failed to demonstrate that either the magistrate judge or the ALJ's findings should be disturbed.

Plaintiff next argues that the ALJ selectively relied upon the "medical evidence of record" when she concluded that Plaintiff could perform a range of light work. As an initial matter, the court observes that Plaintiff's second objection is virtually devoid of any specificity, but Plaintiff apparently suggests that his testimony that his impairments caused limited ambulation, fatigue, and shortness of breath was conclusive evidence demonstrating that he could not work a full eight-hour day. (Pl.'s Objs. at 3.) Plaintiff's apparent reliance on evidence first presented to the Appeals Council to support his objection is misplaced. The court may not consider such evidence in this case because the Appeals Council declined to review Plaintiff's application. *See Cline*, 96 F.3d at 148. After reviewing the ALJ's decision, it is clear that the she did not "selectively read" the "medical evidence of record" as Plaintiff suggests. The ALJ specifically addressed Plaintiff's contention that he "becomes short of breath and extremely fatigued" when performing daily activities, concluding that these symptoms were not completely credible in light of Plaintiff's "lack of complaints and consistent treatment after the surgical interventions," (ALJ's Decision, A.R. at 28) Additionally, the ALJ observed that Plaintiff's daily activities, which included yard work, grocery shopping, and household

chores, did not suggest "a greater restriction than indicated in the residual functional capacity." (*Id.*) The ALJ's comprehensive recitation and examination of Plaintiff's testimony and his medical treatment history before concluding that Plaintiff could "perform work at a lower exertional level and within the residual functional capacity assessed", (ALJ's Decision, A.R. at 26), convinces this court that both the magistrate judge's and ALJ's findings regarding Plaintiff's ability to perform a range of light work are supported by substantial evidence.

Finally, Plaintiff contends that the ALJ's "credibility findings after a video hearing were not supported by substantial evidence on the whole record." (Pl.'s Objs. at 3.) Plaintiff proffers no legal authority in support of his suggestion that the video hearing, which purportedly prevented the ALJ from observing Plaintiff's limited mobility, impugns the ALJ's credibility determinations. Ultimately, Plaintiff falls well short of proffering sufficient evidence to disturb such determinations. *See Cruze v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (stating that an "an ALJ's credibility determinations about the claimant are to be given great weight"). In the instant case, the ALJ enumerated numerous factors leading to her determination that Plaintiff's statements concerning the intensity of pain and severity of impairment were not fully credible, including Plaintiff's failure to take medication for numerous medical conditions. (ALJ's Decision, A.R. at 27-28.) As the magistrate judge points out, the fact that a claimant takes minimal or no pain management medications provides a reasonable basis on which to conclude that the complained of conditions are not problematic to claimant. (R&R at 19.) *See also Ealy v. Comm'r of Soc. Sec.*, 172 F. App'x 88, 90 (6th Cir. 2006); *Gier v. Comm'r of Soc. Sec.*, No. 08-11745, 2009 WL 838131, *10 (E.D. Mich. Mar. 26,

2009) (concluding that an ALJ's credibility finding was properly supported, in part, by the observation that the plaintiff did "not use prescription pain medication to manage pain related to his impairments"). The ALJ further bolstered her credibility findings by citing to Plaintiff's medical treatment history, which showed that Plaintiff had undergone numerous successful procedures and revealed that Plaintiff repeatedly failed to comply with his doctors' instructions to quit smoking, take his medications, and seek care when in pain. (ALJ's Decision, A.R. at 26-27).) The ALJ's credibility findings were supported by substantial evidence, and Plaintiff's objection is overruled.

### III. CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's objections [Dkt. # 19] are OVERRULED and the magistrate judge's February 7, 2012 report and recommendation [Dkt. # 18] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Defendant's motion for summary judgment [Dkt. # 14] is GRANTED and Plaintiff's motion for summary judgment [Dkt. # 9] is DENIED.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: March 22, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 22, 2012, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\11-10444.WARNER.SocialSecurity.Deny.Objections.Adopt.R&R.jrc.wpd